**FILED**

AUG 0 4 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

Pro Se Petitioner- Detained
Melnyk Oleksandr Vladimirovich
A# 217-166-434
Golden State Annex
611 Frontage Road, McFarland, CA 93250

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

Melnyk Oleksandr Vladimirovich,

   *Petitioner,*

   v.

Thomas Giles is the Field Office Director responsible for the Los Angeles Field Office of Immigration and Customs Enforcement (ICE), Warden of the Golden State Annex,TODD M. LYONS, Acting Director, Unied States Immigration and Customs Enforce ment; KRISTI NOEM, Secretary of Homeland S ecurity; PAMELA JO BONDI, United States AttorneyGeneral, *Respondents.in their official ca pacities,*

Civil Action No.: 1 1-25-cv-00953-SKO (HC)

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

### INTRODUCTION

1. Melnyk Oleksandr Vladimirovich seeks release from detention as an Ukraine national who has established his *prima facie* eligibility for Temporary Protected Status (TPS).

2. The TPS statute provides that a noncitizen "provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the [noncitizen]'s immigration status in the United States." 8 U.S.C. § 1254a(d)(4) (emphasis

added). That protection remains available even if the TPS holder lacks other immigration status, because the government "shall not remove the [noncitizen] from the United States during the period in which such [TPS] status is in effect." 8 U.S.C. § 1254a(a)(1)(A).

3. By statute, TPS benefits "shall be provided" to any noncitizen "who establishes a *prima facie* case of eligibility" for TPS. 8 U.S.C. § 1254a(a)(4)(B). Individuals who have established *prima facie* eligibility for TPS are entitled to: (1) freedom from detention on account of their immigration status, (2) a stay of removal from the United States, and (3) work authorization incident to their application and the designation. 8 U.S.C. §§ 1254a(a)(1)(B), (d)(4).

4. Despite this unambiguous statutory command not to detain noncitizens who have established *prima facie* eligibility for TPS, Petitioner has now been detained by U.S. Immigration and Customs Enforcement (ICE) for more than 90 days.

5. Petitioner challenges his detention as a violation of the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment.

6. Petitioner respectfully requests that this Court grant him a Writ of Habeas Corpus and order Respondents to release him from custody. Petitioner seeks habeas relief under 28 U.S.C. § 2241, which is the proper vehicle for challenging civil immigration detention. *See Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas") (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## CUSTODY

7.    Petitioner is in the physical custody of Respondents. Petitioner is imprisoned at Golden
State Annex, an immigration detention facility, in McFarland California. Petitioner is
under the direct control of Respondents and their agents.

## JURISDICTION

8.    This Court has jurisdiction to entertain this habeas petition under 28 U.S.C. § 1331; 28
U.S.C. § 2241; the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V;
and the Suspension Clause, U.S. Const. art. I, § 2.

## VENUE

9.    Venue is proper in this District under 28 U.S.C. § 1391 and 28 U.S.C. § 2242 because
Respondent is in this District, Petitioner is detained in this District, Petitioner's
immediate physical custodian is located in this District, and a substantial part of the
events giving rise to the claims in this action took place in this District. *See generally
Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("the proper respondent to a habeas
petition is 'the person who has custody over the petitioner'") (citing 28 U.S.C. § 2242)
(cleaned up).

## PARTIES

10.    Petitioner Melnyk Oleksandr Vladimirovich is currently detained by Respondents at
Golden State Annex, an immigration detention facility. He has been in ICE custody
since on or about April 22, 2025, after he was arrested near his residence while was

11.    heading to work.Respondent, the unknown  Warden of the Golden State Annex, where
Petitioner is currently detained. He is a legal custodian of Petitioner and
is named in his official capacity.

3

12.    Respondent Thomas Giles is the Field Office Director responsible for the Los Angeles Field Office of Immigration and Customs Enforcement (ICE) with administrative jurisdiction over Petitioner's immigration case. He is a legal custodian of Petitioner and is named in his official capacity.

13.    Respondent Todd M. Lyons is the Acting Director of ICE. He is a legal custodian of Petitioner and is named in his official capacity.

14.    Respondent Kristi Noem is the Secretary of the United States Department of Homeland Security (DHS). She is a legal custodian of Petitioner and is named in her official capacity.

15.    Respondent Pamela Jo Bondi is the Attorney General of the United States Department of Justice. She is a legal custodian of Petitioner and is named in her official capacity.

## STATEMENT OF FACTS

### I.  PETITIONER WAS DETAINED DESPITE HAVING ESTABLISHED HIS *PRIMA FACIE* ELIGIBILITY FOR TEMPORARY PROTECTED STATUS FROM UKRAINE

16.    Petitioner is a national of Ukraine and a TPS holder under the 2025 Ukraine TPS designation, Declaration of Melnyk Oleksandr

17.    Petitioner came to the United States on or about December 11, 2021. He applied for protection because he is afraid he will be persecuted, tortured, or killed if sent back to Ukraine, as he has been attacked in Ukraine.

18    Petitioner applied for Temporary Protected Status in December 2024.

19    Petitioner has been continuously physically present and residing in the United States since he entered in December 2021.

4

20.  Petitioner received an approval notice for TPS from U.S. Citizenship and Immigration Services (USCIS) dated April 16, 2025 .

21.  TPS for Ukraine remains in effect and Petitioner was approved for TPS, established his *prima facie* case, and is entitled to temporary treatment benefits under the statute.

22  ICE officers took Petitioner into custody when he was driving to work near his residence in Antelope, CA on April 22, 2025.

23  In May, 2025, Petitioner's wife Nadiia Melnyk went to the ICE office in Bakersfield, CA and handed the request for release on parole to ICE officer D.O. Munoz. The message requested Petitioner's release from detention, citing the TPS statute's non-detention

24  provision, and attached Petitioner's USCIS approval notice. On may 13, 2025 ICE responded with a denial of release on parole.

25  The immigration Judge Ravit Halperin also issued a denial order on May 7, 2025 for petitioner's bond hearing as the Immigration Judge does not have juristdiction over arrivin aliens.

### TEMPORARY PROTECTED STATUS FOR UKRAINE REMAINS IN EFFECT

26.  Since its initial designation for TPS in April 19, 2022, Ukraine has been consistently redesignated and extended under Section 244 of the Immigratio Nationality Act (INA) up to February 2026

-------------------

## LEGAL FRAMEWORK

27. TPS is a statutory program that provides concrete, rapid protections to nationals of designated countries. 8 U.S.C. § 1254a, *et seq.* Regardless of any other immigration status, qualifying nationals of designated countries may not be removed from the United States and may not be detained. 8 U.S.C. §§ 1254a(a)(1)(B), (d)(4).

28. To qualify for TPS, a national of a TPS-designated country must show that the applicant: (1) was "continuously physically present in the United States since the effective date of the [country's] most recent designation"; (2) "continuously resided in the United States"

29. since the TPS designation date; and (3) "is admissible as an immigrant," with certain exceptions and opportunities for waivers. 8 U.S.C. § 1254a(c)(1)(A)(i)–(iii). TPS is available to any qualifying noncitizen irrespective of other immigration status. *See* 8

30. U.S.C. § 1254a(a)(5) (TPS statute provides no authority to "deny temporary protected status to [a noncitizen] based on the [noncitizen]'s immigration status"); 8 U.S.C. § 1254a(g) (TPS statute constitutes the exclusive authority for affording nationality-based protection to "otherwise deportable" noncitizens).

31. To obtain TPS benefits, a noncitizen must apply on Form I-821 during the "registration period" established by the DHS Secretary, which must last at least 180 days. 8 U.S.C. § 1254a(c)(1)(A)(iv).

32. The TPS statute unambiguously provides that a noncitizen "provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the [noncitizen]'s immigration status in the United States."[7] 8 U.S.C. 1254a(d)(4) (emphasis added). It is hard to imagine a clearer statutory mandate proscribing detention.

---

[7] "Attorney General" in Section 1254a now refers to the Secretary of the Department of Homeland Security. *See* 8 U.S.C. § 1103; 6 U.S.C. § 557.

33. Both TPS holders and TPS applicants who have established their *prima facie* case for TPS are entitled to the benefits of this clear statutory command prohibiting detention. The TPS statute provides that a TPS applicant "who establishes a *prima facie* case of eligibility for [TPS] benefits . . . shall be provided [temporary treatment] benefits" pending final adjudication of their application. 8 U.S.C. § 1254a(a)(4)(B). Pursuant to this provision, individuals with *prima facie* applications for TPS are entitled to the benefits afforded under 8 U.S.C. § 1254a(1).

34. The benefits delineated under paragraph (1) of 8 U.S.C. § 1254a include a stay of removal from the United States, employment authorization, and a "grant" of temporary protected status. A grant of temporary protected status includes a prohibition on immigration detention. 8 U.S.C. § 1254a(d)(4) ("[A noncitizen] provided temporary protected status under this section shall not be detained . . . on the basis of the [noncitizen]'s immigration status in the United States.").

35. Taken together, these provisions guarantee TPS-eligible noncitizens the right to be free from detention from the time that they establish their *prima facie* eligibility for TPS through the time their country's TPS designation ends. Federal regulations affirm this duration, stating that temporary treatment benefits "shall remain in effect until a final decision has been made on the application for Temporary Protected Status." 8 C.F.R. § 244.10(e)(2); *see also* 8 C.F.R. § 244.13(a) ("Temporary treatment benefits terminate upon a final determination with respect to the [noncitizen]'s eligibility for Temporary Protected Status.").

36. Federal regulations establish that receipt of a completed application establishes a TPS applicant's necessary *prima facie* eligibility for temporary benefits. The regulations state

that "[u]pon the filing of an application for [TPS], the [noncitizen] shall be afforded temporary treatment benefits, if the application establishes the [noncitizen]'s *prima facie* eligibility for [TPS]." 8 C.F.R. § 244.5(b) (emphasis added); *see also id.* § 244.10(a) ("USCIS will grant temporary treatment benefits to the applicant if the applicant establishes *prima facie* eligibility for Temporary Protected Status . . . .").

37.     Federal regulations define *prima facie* eligibility to mean "eligibility established with the filing of a completed application for Temporary Protected Status containing factual information that if unrebutted will establish a claim of eligibility." 8 C.F.R. § 244.1. In promulgating the regulations, the agency affirmed that *prima facie* eligibility is established by the filing of a completed application that contains an applicant's requisite information. *See* Temporary Protected Status, 56 Fed. Reg. 23,491, 23,493 (May 22, 1991) (further confirming that "that temporary treatment benefits should be issued immediately after the applicant establishes his or her *prima facie* eligibility").

38.     TPS for Ukraine remains in effect and the TPS statute's command applies so long as a TPS applicant, such as Petitioner, has established *prima facie* eligibility for TPS for a country with an active designation.

Under 8 U.S.C. § 1254a, until the date and moment of TPS for Ukraine's expiration,

39.     Petitioner may not be detained because of the temporary treatment benefits to which he is entitled under the statute. Yet Petitioner has now been illegally imprisoned for more than 90 days.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE IMMIGRATION AND NATIONALITY
### ACT – 8 U.S.C. § 1254a

40. Petitioner realleges and incorporates by reference each and every allegation contained above.

41. 8 U.S.C. § 1254a governs the treatment of TPS holders and applicants, including their detention and removal under federal immigration law.

42. Under the statute, a TPS applicant "who establishes a *prima facie* case of eligibility for [TPS] benefits . . . shall be provided [temporary treatment] benefits" pending final adjudication of their application. 8 U.S.C. § 1254a(a)(4)(B). Pursuant to this provision, a noncitizen who has demonstrated *prima facie* eligibility for TPS is entitled to the benefits afforded under 8 U.S.C. § 1254a(1), including a "grant" of temporary protected status, pending the final adjudication of their application.

43. 8 U.S.C. § 1254a(d)(4) states a noncitizen "provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the [noncitizen]'s immigration status in the United States." (emphasis added). There is no exception to this rule provided in the statute.

44. Taken together, these provisions guarantee TPS-eligible noncitizens the right to be free from detention from the time that they establish their *prima facie* eligibility for TPS through the time their country's TPS designation ends.

45. As TPS protection applies irrespective of any other immigration status, the Court need not delve further into other aspects of Petitioner's immigration posture. *See* 8 U.S.C. §§1254a(a)(1)(A), (a)(5); *see also* 8 U.S.C. 1254a(g) (TPS statute constitutes the

exclusive authority for affording nationality-based protection to "otherwise deportable" noncitizens).

46. Petitioner's detention violates 8 U.S.C. § 1254a. Because Petitioner's detention plainly violates the TPS statute's prohibition on detention for *prima facie* eligible applicants, this Court should grant the writ and order Petitioner's immediate release. *See* 28 U.S.C. § 2241(c)(3) (authorizing writ for people detained in violation of federal law).

## COUNT TWO
## VIOLATION OF THE DUE PROCESS CLAUSE
## OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

47. Petitioner realleges and incorporates by reference each and every allegation contained above.

48. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

49. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause [of the Fifth Amendment] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

50. Petitioner's detention violates the Due Process Clause because it is not rationally related to any immigration purpose; because it is not the least restrictive mechanism for accomplishing any legitimate purpose the government could have in imprisoning Petitioner; and because it lacks any statutory authorization.

51.    First, immigration detention must always "bear[] a reasonable relation to the purpose for

which the individual was committed." *Demore v. Kim*, 538 U.S. 510, 527 (2003) (citing

*Zadvydas*, 533 U.S. at 690). Where, as here, the government has no authority to deport

Petitioner, detention is not reasonably related to its purpose.

52.    Second, because Petitioner is not "deportable" insofar as the TPS statute bars his

deportation, the Due Process Clause requires that any deprivation of Petitioner's liberty

be narrowly tailored to serve a compelling government interest. *See Reno v. Flores*, 507

U.S. 292, 301–02 (1993) (holding that due process "forbids the government to infringe

certain 'fundamental' liberty interests at all, no matter what process is provided, unless

the infringement is narrowly tailored to serve a compelling state interest"); *Demore*, 538

U.S. at 528 (applying less rigorous standard for "deportable [noncitizens]"). Petitioner's

on-going imprisonment obviously cannot satisfy that rigorous standard.

53.    Third, at a bare minimum, "the Due Process Clause includes protection against *unlawful*

or arbitrary personal restraint or detention." *Zadvydas v. Davis*, 533 U.S. 678, 718 (2001)

(Kennedy, J., dissenting) . Where federal law explicitly prohibits an

individual's detention, this detention also violates the Due Process Clause.

54.    Because Petitioner's detention violates the Due Process Clause, this Court should grant

the writ and order Petitioner's immediate release. *See* 28 U.S.C. § 2241(c)(3) (authorizing

writ for people detained in violation of federal law).

**PRAYER FOR RELIEF**
WHEREFORE, Petitioner prays
that this Court grant the
following relief:

1.  Assume jurisdiction over this matter;

2.  Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. § 2243;

3.  Declare that Petitioner's detention violates the Immigration and Nationality Act, and specifically 8 U.S.C. § 1254a;

4.  Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

5.  Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody;

6.  Enjoin Respondents from further detaining Petitioner so long as TPS for Ukraine remains in effect and he continues to have established his *prima facie* eligibility for TPS;

7.  Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

8.  Grant such further relief as this Court deems just and proper.

X *A.M.*

Dated: July 22, 2025

Respectfully submitted.

By: ____ *Melnyk Oleksandr Vladimirovich* ____ _____

1

2

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
CALIFORNIA**

3

4

5

6    Melnyk Oleksandr Vladimirovich

7

8        *Petitioner,*

9        v.

10

11    Thomas Giles is the Field Office Director
       responsible for the Los Angeles

12    Field Office of Immigration and Customs
       Enforcement (ICE), The unknown Warden

13    of the Golden State Annex,TODD M. LYOS
       , Acting Director, United States

14    Immigration and Customs Enforcement; K
       RISTI NOEM, Secretary of Homeland

15    Security; PAMELA JO BONDI, United
       States AttorneyGeneral, *Respondents.in their*

16    *official apacities,*

17

18

19        *Respondents.*

20

21

22

23

24

25

26

27

28

Civil Action No.:

1

DECLARATION OF
Melnyk Oleksandr Vladimirovich

DECLARATION OF Melnyk Oleksandr Vladimirovich

I, Melnyk Oleksandr Vladimirovich, declare the following:

1.      I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently testify to them. I am writing this declaration in support of a petition for a writ of habeas corpus because I believe that I am being held in immigration detention unlawfully.

2.      I am a citizen of Ukraine, and I am 42 years old.

3.      On December 11,2021 I've entered the United States legally through a PORT OF ENTRY to seek protection and I was inspected and paroled in. I was placed into removal proceedings and given a date on which to appear in court. I have not left the United States since I entered on december 11,2021.

4.      After I was released from the border detention, I went to stay with family members in California. I have done my best to comply with all the rules that apply to me and complied with all the conditions of my release.

5.      I applied for protection because I am afraid that I will be persecuted, tortured, or killed if I am sent back to Ukraine. I fled Ukraine after being attacked and targeted on multiple occasions, I had witnessed and reported to local authorities. I am afraid that this same people will target me if I am deported to Ukraine.

6.      I also applied for Temporary Protected Status (TPS) on december 26 , 2024 and my aplication for TPS was approved on April 16 2025

2

DECLARATION OF

Melnyk Oleksandr Vladimirovich

7    I have not been arrested, charged or convicted of any crime in the United States prior to or following submission of my TPS application.

8    Despite my approved TPS application, I was detained by immigration officials in April 2025.

9.    On April 22, 2025 on my way to work i was stopped by several ICE agents in unmarked vehicles and taken into the custody.

10    When i arrived at the detention center my wife sent my documents to me proving that I had an approved applications for TPS and protection, and I showed these documents to the ICE agents. The officers asked if I had any involvement with law enforcement or got into trouble. I told them that I had not and that I followed all the rules. The officer said it was a violation of my rights that they have been keeping me here.

11    I do not understand why I have been detained. I have been following all the rules, and I have family members I need to take care of. I cannot go back to Ukraine  because I will be targeted by the people who attacked me and left me for dead before I fled.

12    I have now been detained for more than three  months. My family, who live in California, are suffering greatly in my absence My children are 21 y.o. and 7 months old, and their mother is taking care of them, but she needs my support as an income earner and to help with the children. I worry about them constantly, and I am afraid that I will be deported to Ukraine despite my valid TPS status and pending application for protection.

13    For these reasons, I've  decided to file a petition for a writ Habeas Corpus

I declar under penalty of prejury that the foregoing is true and correct, and that this declaration was executed in California on July 22, 2025

X _A/M_

3    Melnyk Oleksandr Vladimirovich

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Melnyk Oleksandr Vladimirovich

**DEFENDANTS**

Thomas Giles, Todd M. Lyons, Kristi Noem, Pam Bondi and **The warden of Golden State Annex**

**(b)** County of Residence of First Listed Plaintiff    93250
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    93250
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Melnyk Oleksandr Vladimirovich

Attorneys *(If Known)*

Kimberly A. Sanchez, Acting U.S. Attorney

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|  |  |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☒ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2241

Brief description of cause:
Petition for Writ of Habeas Corpus—unlawful immigration detention under 8 U.S.C. § 1226 and 1254a (TPS)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   July 22, 2025

SIGNATURE OF ATTORNEY OF RECORD   X H M

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# EXHIBIT A

1. Passport Copy

Паспорт громадянина України для виїзду за кордон
є власністю України

The passport of the citizen of Ukraine for travelling abroad
is the property of Ukraine

Іменем України Міністр закордонних справ України просить усіх, кого це може стосуватися, усіма можливими засобами полегшити поїздку пред'явника паспорта, надавати йому необхідну допомогу та захист.

In the name of Ukraine, the Minister of Foreign Affairs of Ukraine requests all those whom it may concern to facilitate in every possible way the travel of the bearer of this passport and to provide the bearer with all necessary assistance and protection.

HC № 455652

УКРАЇНА   UKRAINE

| Тип/ Type | Код держави/ Country code | Номер паспорта/ Passport No. |
|---|---|---|
| P | UKR | |

Прізвище/ Surname
МЕЛЬНИК/MELNYK

Ім'я/ Given Names
ОЛЕКСАНДР/OLEKSANDR

Громадянство/ Nationality
УКРАЇНА/UKRAINE

Дата народження/ Date of birth                Запис №/ Record No.

Стать/ Sex        Місце народження/ Place of birth
Ч/М        ДОНЕЦЬКА ОБЛ./UKR

Дата видачі/ Date of issue            Орган, що видав/ Authority
20 ТРА/MAY 16                1444

Дата закінчення строку дії/ Date of expiry      Підпис пред'явника/ Holder's signature
20 ТРА/MAY 26

ПАСПОРТ
PASSPORT



P<UKRMELNYK<<OLEKSANDR<<<<<<<<<<<<<<<<<<<<<<<<<
FC478110<6UKR8211022M2605203198211020 1254<24

# EXHIBIT B

1. I-94 Form

 For: OLEKSANDR VLADIMIROVICH MELNYK



## Most Recent I-94

**Admission (I-94) Record Number :** ▮▮▮▮▮

**Most Recent Date of Entry:** 2021 December 13

**Class of Admission :** DT

**Admit Until Date :** 12/11/2022

**Details provided on the I-94 Information form:**

Last/Surname :      MELNYK
First (Given) Name :   OLEKSANDR VLADIMIROVICH
Birth Date :       ▮▮▮▮▮▮
Document Number :    ▮▮▮▮▮▮
Country of Citizenship :  Ukraine

> Get Travel History

---

► Effective April 26, 2013, DHS began automating the admission process. An alien lawfully admitted or paroled into the U.S. is no longer required to be in possession of a preprinted Form I-94. A record of admission printed from the CBP website constitutes a lawful record of admission. See 8 CFR § 1.4(d).

► If an employer, local, state or federal agency requests admission information, present your admission (I-94) number along with any additional required documents requested by that employer or agency.

► Note: For security reasons, we recommend that you close your browser after you have finished retrieving your I-94 number.

OMB No. 1651-0111
Expiration Date: 11/30/2022

For inquiries or questions regarding your I-94, please click here

Accessibility | Privacy Policy

Privacy · Terms

# EXHIBIT C

1.      Order of immigration judge denying bond hearing
2.      ICE notification declining to grant parole



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ADELANTO IMMIGRATION COURT**

| Respondent Name: | A-Number: |
|---|---|
| MELNYK, OLEKSANDR VLADIMIROVICH | ▬▬▬▬▬ |
|  | Riders: |
| To: | In Custody Redetermination Proceedings |
| Sack, Anastasiya | |
| 20200 West Dixie Hwy | Date: |
| suite 902 | 05/07/2025 |
| Aventura, FL 33180 | |

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
No Jurisdiction
The current regulations governing the detention and release of respondents preclude an Immigration Judge from redetermining the custody status of arriving aliens in removal proceedings. See 8 C.F.R. § 1003.19(h)(2)(i)(B). Further, where DHS has determined that a respondent is an arriving alien, the Immigration Judge is precluded from undertaking a determination as to the propriety of DHS' designation. See 8 C.F.R. § 1003.19(h)(2)(ii) (specifying that only respondents included in paragraphs (C), (D), and (E) of 8 C.F.R. § 1003.19(h)(2)(i) may seek a determination by an Immigration Judge as to the propriety of their inclusion within these paragraphs); see also Matter of Oseiwusu, 22 I&N Dec. 19, 20 (BIA 1998) (holding that, because the Immigration Judge had no authority over the apprehension, custody, and detention of arriving aliens, consideration of the respondent's bond request was improper).

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☐ Other:

Immigration Judge: HALPERIN, RAVIT 05/07/2025

Appeal:      Department of Homeland Security: ☐ waived     ☐ reserved
             Respondent:                        ☐ waived     ☐ reserved

Appeal Due:

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : MELNYK, OLEKSANDR VLADIMIROVICH | A-Number : 217-166-434
Riders:
Date: 05/07/2025 By: BOUWHUIS, BRITTANY, Court Staff

*Office of Detention and Removal Operations*
**U.S. Department of Homeland Security**
San Francisco Field Office
630 Sansome Street
San Francisco, CA 94111



**U.S. Immigration and Customs Enforcement**

DATE: May 13, 2025

MELNYK, Oleksandr Vladimirovich
Golden State Annex
c/o 611 Frontage Road
McFarland, CA 93250

In Reference to: MELNYK, Oleksandr Vladimirovich 

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear Mr. Melnyk,

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.

Section 235 of the Immigration and Nationality Act mandates the detention of arriving aliens who are placed in removal proceedings. Before an alien may be considered for discretionary release on parole the alien must first meet the statutory requirements for parole found at 8 CFR §212.5. Upon meeting the statutory requirements an alien may be considered for parole pursuant as a matter of discretion and on conditions set by the Field Office Director. The general discretionary parole provisions can be found in 8 CFR §212.5 (c). Under these laws and regulations parole may be granted only on a case-by-case basis for urgent humanitarian reasons or significant public benefit, provided the alien presents neither a security risk nor a risk of absconding. It is your burden to establish that you meet the statutory requirements for parole and that a favorable determination for parole should result once those criteria have been met.

Release from custody can be considered a condition of release on parole provided you meet the statutory requirements found in 8 CFR §212.5. Criteria for statutory requirements for parole apply to those aliens with serious medical conditions, pregnant women, juveniles, witnesses in proceedings being, or to be, conducted in the U.S. and those whose continued detention is not in the public interest.

I have carefully reviewed the humanitarian aspect of your request. I find no compelling or emergent conditions that apply to this case. I do not believe a grant of parole into the U.S. would be in the public interest. Therefore, in the exercise of my administrative discretion, your request for parole is hereby denied.

Sincerely,

T. Maldonado
Assistant Field Office Director

**Notification of Parole Denial**
MELNYK, Oleksandr Vladimirovich  A#

---

***PROOF OF SERVICE***

**(1)      Personal Service (Officer to complete both (a) and (b) below.)**

(a)      I _____R. Muner_____, ___Deportation Officer___,
                          Name of ICE Officer                            Title

certify that I served __MELNYK, Oleksandr Vladimirovich__ with a copy of
                                  Name of detainee

this document at _____Golden State Annex_____ on __5/14/25__, at ___1153___.
                              Institution                              Date                  Time

(b)      I certify that I served the custodian _____,
                                                                      Name of Official

_____, at _____, on
          Title                                              Institution

_____ with a copy of this document.
          Date

OR

**(2)      Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
          Name of ICE Officer                              Title

that I served _____and the custodian _____,
                    Name of detainee                              Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                          Institution                      Date

Detainee Signature ✗_____ Date _5/14/25_

( ) cc:  Attorney of Record or Designated Representative
( ) cc:  A-File

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: MELNYK, OLEKSANDR VLADIMIROVICH

A-File Number: ▮▮▮▮▮▮▮

Date: 04/22/2025

Event ID: SAC2504000100

Subject ID: 398489770

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

[X] Detained by the Department of Homeland Security.

[ ] Released (check all that apply):

    [ ] Under bond in the amount of $ _____

    [ ] On your own recognizance.

    [ ] Under other conditions. [Additional document(s) will be provided.]

M #9638 Galindo

Name and Signature of Authorized Officer

(A)SDDO
Title

04/22/2025 11:26 AM
Date and Time of Custody Determination

Sacramento, CA
Office Location/Address

---

You may request a review of this custody determination by an immigration judge.

[X] I acknowledge receipt of this notification, and

    [ ] I **do** request an immigration judge review of this custody determination.

    [X] I **do not** request an immigration judge review of this custody determination.

Signature of Alien

4/22/2025
Date

---

The contents of this notice were read to  See I-831  in the  RUSSIAN  language.
    (Name of Alien)        (Name of Language)

O. Marron

Name and Signature of Officer

Name or Number of Interpreter (if applicable)

Deportation Officer
Title

**U.S. DEPARTMENT OF HOMELAND SECURITY**    **Warrant for Arrest of Alien**

File No. ████████

Date: _____04/22/2025_____

**To:**  **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that ___MELNYK, OLEKSANDR___ is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

_____Galindo (A)SDDO_____
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at ___Sacramento, CA___
(Location)

on ___MELNYK, OLEKSANDR___ on ___04/22/2025___, and the contents of this
(Name of Alien)          (Date of Service)

notice were read to him or her in the ___RUSSIAN___ language.
(Language)

PO. MARDA
_____          _____
Name and Signature of Officer          Name or Number of Interpreter (if applicable)

# EXHIBIT D

1.        Temporary Protected Status Approval Notice

# THE UNITED STATES OF AMERICA

## I-797A | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES



| Receipt Number IOE0929480705 | USCIS Account Number 060856470948 | Case Type I821 - APPLICATION FOR TEMPORARY PROTECTED STATUS |
|---|---|---|
| Received Date 12/26/2024 | Priority Date 12/26/2024 | Applicant A217 166 434 MELNYK, OLEKSANDR |
| Notice Date 04/16/2025 | Page 1 of 2 | |

MELNYK, OLEKSANDR
8240 ROCKBURY WAY
ANTELOPE CA 95843

**Notice Type:** Approval Notice
Valid from: 04/16/2025 to 10/19/2026

You have been granted Temporary Protected Status (TPS) under section 244 of the Immigration and Nationality Act. The benefits of TPS are temporary protection from removal (or deportation), employment authorization in the United States, and the opportunity to apply for travel authorization.

Attached to this notice is a Form I-94 indicating your Temporary Protected Status in the United States. The I-94 is valid until the expiration date shown on it.

If you requested an employment authorization document (EAD) pursuant to your registration for TPS, you will receive a separate notice containing the decision on that request. If your EAD request is approved, you will be issued an EAD that will be valid until the expiration date shown on the EAD itself. The EAD will serve as evidence of your TPS and employment authorization.

If the TPS designation is extended, you must re-register with U.S. Citizenship and Immigration Services (USCIS) within the time period designated for re-registration. If you wish to obtain an EAD valid for the time period of the extended TPS designation, you must also apply for an EAD during the filing period(s) described in the applicable Federal Register notice (FRN). The FRN notice will provide guidance on required forms and application fees to re-register for TPS and to apply for a new EAD. You should also pay close attention to any future FRNs issued by USCIS regarding your country's TPS, including any information that may be included in such notices about possible automatic extensions of the validity date(s) on EADs.

Failure to re-register during a TPS extension re-registration period may result in the withdrawal of your TPS and may result in removal proceedings being initiated against you.

While you are under Temporary Protected Status, you:

(1)  will not be removed from the United States;
(2)  have work authorization and will be granted evidence of work authorization, if you have submitted an EAD request with the required fee, that is valid until the expiration of the time period designated for your Temporary Protected Status;

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

USCIS TSC
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd. STE 114
Irving TX 75038-0015



USCIS Contact Center: www.uscis.gov/contactcenter

PLEASE TEAR OFF FORM I-94 PRINTED BELOW AND STAPLE TO ORIGINAL I-94 IF AVAILABLE

---

Detach This Half for Personal Records

**Receipt**   IOE0929480705
**I-94#**   **721728179 A2**
**NAME**   MELNYK, OLEKSANDR
**CLASS**

**VALID FROM** 04/16/2025 **UNTIL** 10/19/2026

**APPLICANT:**   MELNYK, OLEKSANDR
8240 ROCKBURY WAY
ANTELOPE CA 95843

---

**721728179 A2**

**Receipt Number** IOE0929480705
**United States Citizenship and Immigration Services**

**I94 Departure Record**

| 14 Family Name MELNYK | | |
|---|---|---|
| 15 First (Given) Name OLEKSANDR | | 16 Date of Birth 11/02/1982 |
| 17 Country of Citizenship UK | | |

**FORM I-797A [REV. 08/01/16]**

# THE UNITED STATES OF AMERICA

## I-797A | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | USCIS Account Number | Case Type |
|---|---|---|
| IOE0929480705 | 060856470948 | I821 - APPLICATION FOR TEMPORARY PROTECTED STATUS |
| **Received Date**<br>12/26/2024 | **Priority Date**<br>12/26/2024 | **Applicant** A217 166 434<br>MELNYK, OLEKSANDR |
| **Notice Date**<br>04/16/2025 | **Page**<br>2 of 2 | |

(3)  will be considered as being in, and maintaining, lawful status as a nonimmigrant for purposes of adjustment of status under section 245 of the Act and for change of status under section 248 of the Act;

(4)  will not be considered to be permanently residing in the United States under the code of law;

(5)  may be deemed ineligible for public assistance by a state or any political subdivision thereof which furnishes such assistance; and

(6)  may not depart the United States without prior approval of the Attorney General of the United States.

PLEASE NOTE: As long as you remain eligible for Temporary Protected Status and you maintain your status by complying with the registration requirements, you will be allowed to remain and work in the United States until the end of the period of the time designated for your Temporary Protected Status.

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone; and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

USCIS TSC
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd. STE 114
Irving TX 75038-0015



USCIS Contact Center: www.uscis.gov/contactcenter

---

INTENTIONALLY LEFT BLANK

Detach This Half for Personal Records

INTENTIONALLY LEFT BLANK

Receipt

INTENTIONALLY LEFT BLANK

NAME

INTENTIONALLY LEFT BLANK

CLASS

INTENTIONALLY LEFT BLANK

VALID FROM    UNTIL

INTENTIONALLY LEFT BLANK

APPLICANT:

INTENTIONALLY LEFT BLANK

INTENTIONALLY LEFT BLANK

INTENTIONALLY LEFT BLANK

Receipt Number

United States Citizenship and Immigration Services INTENTIONALLY LEFT BLANK

INTENTIONALLY LEFT BLANK

I94 Departure Record

INTENTIONALLY LEFT BLANK

14 Family Name

INTENTIONALLY LEFT BLANK

15 First (Given) Name        15 Date of Birth

17 Country of Citizenship INTENTIONALLY LEFT BLANK

FORM I-797A [REV. 08/01/16]

# EXHIBIT E

1.    Proof of clean criminal record with English translation

ФОВМ-003833408

МІНІСТЕРСТВО ВНУТРІШНІХ
СПРАВ УКРАЇНИ
Департамент інформатизації



Перевірка достовірності

ПОВНИЙ

# ВИТЯГ
## з інформаційно-аналітичної системи
### "Облік відомостей про притягнення особи
### до кримінальної відповідальності та наявності судимості"

Виданий про те, що громадянин(ка) України
МЕЛЬНИК ОЛЕКСАНДР ВОЛОДИМИРОВИЧ
02.11.1982 року народження
уроджениць(ка) УКРАЇНА, ДОНЕЦЬКА область, АРТЕМІВСЬК
на території України станом на 16.05.2025 є особою, стосовно якої:

Відомості про притягнення до кримінальної відповідальності: ВІДСУТНІ
Відомості про наявність незнятої чи непогашеної судимості: ВІДСУТНІ
Відомості про розшук: ВІДСУТНІ
Витяг надано для ПОДАННЯ ДО УСТАНОВ ІНОЗЕМНИХ ДЕРЖАВ

Витяг отримано через ВПР № 062 КНЕДП АЦСК МВС України

Керівник ВПР № 062                                   Ірина АНТОНОВА



КЕП: Департамент інформатизації Міністерства внутрішніх справ України
Сертифікат: 368dc35ececb2dc10400000075230100215d0400
Дійсний: з 19.10.2023 до 19.10.2025

1/1

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. Україна

Цей офіційний документ

2. підписаний _Ірина АНТОНОВА_

3. у якості _керівник ВПР №062_

4. містить проставлену печатку/штамп _ДП «ІНФОТЕХ»_
_ВПР №062_

Підтверджено

5. в _м. Києві_          6. дата _22 ТРА 2025_

7. ким _директор ДІ МВС України_
_Сергій СУМСЬКИЙ_

8. № _27184_

9. Печатка/штамп          10. Підпис



*Translated from Ukrainian language*

ФОВА-003833408
MINISTRY OF INTERNAL
AFFAIRS OF UKRAINE
Department of Information

[Coat of Arms of Ukraine]

Verification of authenticity



**COMPLETE**

# EXCERPT

### from the information and analytical system
### "Accounting of Information on Bringing a Person
### to Criminal Liability and the Presence of a Criminal Record"

Issued that a citizen of UKRAINE
MELNYK, OLEKSANDR VOLODYMYROVYCH
born on:
native of UKRAINE, DONETSK region, ARTEMIVSK
on the territory of Ukraine as of 05/16/2025 is a person in relation to whom:

Information on criminal prosecution: NONE
Information on the presence of an unexpired (unexpunged) or outstanding criminal record: NONE
Wanted information: NONE

The EXCERPT issued for SUBMISSION TO INSTITUTIONS OF FOREIGN COUNTRIES

Extract received through VPR No. 062 KNEDP ATSSK MVS of Ukraine

Head of VPR № 062                    *Signed*          Iryna ANTONOVA

Round Seal: UKRAINE * KYIV* STATE ENTERPRISE
"INFOTECH" ID 34239034 VPR No. 062



KEP: Department of Information of the Ministry of Internal Affairs of Ukraine
Certificate: 368dc35eeeeb2dc10400000075230100215d0400
Valid: from 10/19/2023 to 10/19/2025

*Translated from Ukrainian language*

---

**APOSTILLE**
**(Convention de La Haye du 5 octobre 1961)**

1. Ukraine

This public document

2. has been signed by          *Iryna ANTONOVA*

3. acting in the capacity of    *Head of VPR № 062*

4. bears the seal/stamp of    *"INFOTECH" VPR No. 062*

Certified

5. at    *Kyiv City*

6. the    *05/22/2025*

7. by  *Director of DI of the Department of Internal Affairs of Ukraine*

*Serhii SUMSKYI*

8. #  *27124*

9. Seal / stamp:                     10.  Signature      *Signed*

Round Seal:
DEPARTMENT OF INFORMATIZATION
MIA of UKRAINE* For an Apostille  #1

---

*This document was translated in the office of Slavic Assistance Center, at 2117 Cottage Way, Sacramento, CA 95825, tel. (916) 925-1071, fax (916) 925-1072. I, Lyubov Zhygalova, hereby certify that the above is a complete and accurate translation of the original EXCERPT with an Apostille in Ukrainian and that I am competent both in English and Ukrainian languages to render such translation.*

Signature: _L. Zhygalova_          Date: May 23, 2025

**State of California**
**County of Sacramento**

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Subscribed and sworn to (or affirmed) before me on this 23rd day of May, 2025, by Lyubov Zhygalova, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public_____

NATALYA STAKHOVSKA
COMM. # 2516752
NOTARY PUBLIC • CALIFORNIA
SACRAMENTO COUNTY
Comm. Exp. MAY 7, 2029

# EXHIBIT F

1.      Form I-130, Pending Petition for Alien Relative

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**



## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| | | | |
|---|---|---|---|
| Receipt Number<br>IOE9727750008 | | Case Type<br>I130 - PETITION FOR ALIEN RELATIVE | |
| Received Date<br>06/05/2025 | Priority Date<br>06/05/2025 | Petitioner  A217 166 433<br>MELNYK, NADIIA | |
| Notice Date<br>06/05/2025 | Page<br>1 of 1 | Beneficiary  A217 166 434<br>MELNYK, OLEKSANDR | |

| | |
|---|---|
| MELNYK, NADIIA<br>c/o NADIIA MELNYK<br>8240 ROCKBURY WAY<br>ANTELOPE  CA  95843-5137 | **Notice Type:** Receipt Notice<br>Amount received: $625.00 U.S.<br>Section: Husband or wife of permanent resident,<br>203(a)(2)(A) INA |

This notice confirms that USCIS received your application or petition ("this case") as shown above.

If any of the information in your notice is incorrect or you have any questions about your case, you can connect with the USCIS Contact Center at www.uscis.gov/contactcenter or ask about your case online at www.uscis.gov/e-request. You will need your Alien Registration Number (A-Number) and/or the receipt number shown above.

You can receive updates on your case by visiting www.uscis.gov/casestatus to get the latest status or you can create an account at my.uscis.gov/account and receive email updates for your case.

This notice does not grant any immigration status or benefit, nor is it evidence that this case is still pending. It only shows that the application or petition was receipted on the date shown.

Processing time - Processing times vary by form type.
*   Visit www.uscis.gov/processingtimes to see the current processing times by form type and field office or service center.
*   If you do not receive an initial decision or update within our current processing time, you can try our online tools available at www.uscis.gov/tools or ask about your case online at www.uscis.gov/e-request.
*   When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.

If this case is an I-130 Petition - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process I-130 forms until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes I-130 forms in time not to delay relatives' ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

If your address changes - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your current pending requests.

Return of Original Documents - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your mother's/father's marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

NOTICE: The information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Vermont Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
38 River Road
Essex Junction VT 05479-0001

USCIS Contact Center: www.uscis.gov/contactcenter



# EXHIBIT G

1.      Birth certificate of a newborn child



# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

OFFICE OF THE CLERK-RECORDER

# COUNTY OF PLACER
AUBURN, CALIFORNIA

1052024368343

## CERTIFICATE OF LIVE BIRTH
## STATE OF CALIFORNIA
### USE BLACK INK ONLY

| | | | |
|---|---|---|---|
| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |

**THIS CHILD**

| 1A. NAME OF CHILD - FIRST | 1B. MIDDLE | 1C. LAST | |
|---|---|---|---|
| A▊▊▊ | | M▊▊ | |

| 2. SEX | 3A. THIS BIRTH, SINGLE, TWIN, ETC. | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. | 4A. DATE OF BIRTH - MM/DD/CCYY | 4B. HOUR - 24 HOUR CLOCK TIME |
|---|---|---|---|---|
| MALE | SINGLE | | ▊▊ 2024 | 1040 |

**PLACE OF BIRTH**

| 5A. PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY | 5B. STREET ADDRESS - STREET AND NUMBER, OR LOCATION |
|---|---|
| KAISER FOUNDATION HOSP-ROSEVILLE | 1640 EUREKA RD |

| 5C. CITY | 5D. COUNTY |
|---|---|
| ROSEVILLE | PLACER |

**NAME OF PARENT**

| 6A. NAME OF PARENT - FIRST | 6B. MIDDLE | 6C. LAST - BIRTH NAME | 6D. MOTHER/FATHER/PARENT | 7. BIRTHPLACE - STATE/COUNTRY | 8. DATE OF BIRTH |
|---|---|---|---|---|---|
| OLEKSANDR | | MELNYK | ☒ FATHER | UKRAINE | 11/02/1982 |

| 9A. NAME OF PARENT - FIRST | 9B. MIDDLE | 9C. LAST - BIRTH NAME | 9D. MOTHER/FATHER/PARENT | 10. BIRTHPLACE - STATE/COUNTRY | 11. DATE OF BIRTH |
|---|---|---|---|---|---|
| NADIIA | | TVERETINOVA | ☒ MOTHER | UKRAINE | 03/24/1981 |

**INFORMANT AND BIRTH CERTIFICATION**

| | 12A. PARENT OR OTHER INFORMANT - SIGNATURE | 12B. RELATIONSHIP TO CHILD | 12C. DATE SIGNED |
|---|---|---|---|
| I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | NADIIA MELNYK | MOTHER | 11/26/2024 |

| | 13A. ATTENDANT / CERTIFIER - SIGNATURE AND DEGREE OR TITLE | 13B. LICENSE NUMBER | 13C. DATE SIGNED |
|---|---|---|---|
| I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED. | ANGELINE BRANSCUM, HIM SPEC. | A188874 | 11/26/2024 |

| 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT |
|---|---|
| SIMONE THIBAULT, MD<br>1600 EUREKA ROAD, ROSEVILLE, CA 95661 | ANGELINE BRANSCUM, HIM SPEC. |

**LOCAL REGISTRAR**

| 15A. DATE OF DEATH - MM/DD/CCYY | 15B. STATE FILE NO. - STATE USE ONLY | 16. LOCAL REGISTRAR - SIGNATURE | 17. DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY |
|---|---|---|---|
| | | ROBERT LEE OLDHAM, MD | 12/11/2024 |

## CERTIFIED COPY OF VITAL RECORDS
### STATE OF CALIFORNIA, COUNTY OF PLACER

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Placer County Clerk-Recorder.

DATE ISSUED    DEC 26 2024





*000414701*



# EXHIBIT H

1.          Statement from Mother
2.          Statement from Spouse
3.          Statement from Employer

**Statement from Mother in Support of Son (Habeas Corpus)**

Statement from Mother in Support of Son (Habeas Corpus)

From: Olha Melnyk

Regarding: Oleksandr Melnyk

Dear Honorable Judge,

My name is Olha Melnyk, and I am the mother of Oleksandr Melnyk. With deep respect, I am writing to you to ask for justice and to request the release of my son from immigration detention.

My son is being held in detention without guilt. He has committed no crimes and does not deserve to be treated this way. He was taken into custody without any wrongdoing, and he remains there unjustly.

My son has always helped me. I am seriously ill. Recently, I had a major surgery-I had my uterus removed. After this operation, I have been physically and emotionally weak. Oleksandr cared for me, helped me around the house, and supported me in every way. We live together in the same home, and now, without him, I am left completely alone.

My daughter-in-law is currently unable to care for me, as she is busy with a newborn baby. My son was the only provider and support for our entire family.

I cannot live without my son. He is the meaning of my life. His unjust imprisonment has caused me great pain. If you have children, you will understand what it means to see your innocent child behind bars.

**Statement from Mother in Support of Son (Habeas Corpus)**

I sincerely ask you-please help me and our family. Please look into this difficult and confusing situation and help restore justice.

Most importantly, I want to emphasize that my son is in grave danger if he is returned to Ukraine. He cannot go back-he will be killed there.

My son is a deeply religious man. We all attend church, and he has always lived with faith, helped others, and lived an honest life.

Respectfully and with hope,

Olha Melnyk

Mother of Oleksandr Melnyk

07/28/2025

Good afternoon, my name is Nadiia Melnyk, I am the wife of Oleksandr Melnyk. Your honor I would like to ask you for help to restore justice. My husband has lived in the USA since 2021, and has not violated any law here! He has not even had a single fine for driving a car at all! He is an honest, kind, patient man, he is a very decent husband and father! He worked for FedEx. I will attach a letter from his work about what kind of good employee he was! He has TPS status, and he is being held in prison illegally! I sent documents to ICE to release him on parole, they refused him. We appealed to the judge to release him on bond on bail, the judge said that she has no jurisdiction. Wherever we applied, they refuse, and they hold my husband illegally with TPS status. My husband lived in the USA, has paid tax,Didn't violate anything, all the people who know him are very surprised why such a good man was put in prison.They ask me these questions, and I have no answers! I tell them the truth, that my husband was put in prison without guilt, undeservedly! ICE told my husband that they wanted to release him, but now their boss has notified them not to release anyone, because their higher-ups have also given them instructions not to release anyone! I am already 44 years old, I gave birth to a child, a US citizen, our son is only 7 months old. I cannot not work because the child is only 7 months old, he eats breast milk, my hands are tied! I cannot not go to work, I can not do anything, my husband is in prison and all day long I have only thoughts in my head about when they will release my husband, I am alone and my soul and heart are very heavy! My mother-in-law, my husband's mother, lives with us, and she also needs care, since she is already at an advanced age! My husband was the only working person in the family, and we lost our only income because of his detention We rent a house, we pay $2800 for it + bills, food and so on. If we do not pay, we will be homeless. That's how we lived, everything was fine, my husband earned money, provided everything for the family, did not violate anything. And now my husband is sitting in prison without any charges,I ask you to reconsider his illegal detention . And we also had a lawyer Svetlana Kaff, and she conducted the trial without a license, this was on July 14, 2025, and now she disappeared and left us without any money to hire another attorney!

07.23.2025.

Oksana Chernik

Owner, RYDS Express Corp

1156 Horton Lane

Roseville, CA 95747

(916) 718-4668

oksanachernik@yahoo.com

4/25/2025

To Whom It May Concern,

I am writing this letter in support of Oleksandr Melnyk, who has been employed with RYDS Express Corp since June 21, 2023. RYDS Express Corp is a contracted service provider for FedEx Ground, and Oleksandr has worked with us in the capacity of delivery driver during the duration of his employment. He is compensated at a piece rate of $1.20 per stop and $0.10 per package delivered.

During his time with our company, Oleksandr has consistently demonstrated exceptional reliability and professionalism. He is a model employee who always arrives on time for his scheduled shifts and fulfills his duties with diligence and accuracy. His work ethic is commendable, and he has never missed a shift without proper notice.

There have been no grievances or complaints lodged against him by coworkers, management, or customers. He consistently meets or exceeds our expectations in his role, and we have found him to be trustworthy, courteous, and hardworking. He is well-liked by his coworkers and contributes positively to our team dynamic.

Oleksandr is an asset to our company, and we sincerely hope he is given the opportunity to resolve his legal situation and return to work. We would welcome him back without hesitation.

Please do not hesitate to contact me directly if you require any additional information or clarification.

Sincerely,

**Oksana Chernik**

Owner, RYDS Express Corp

# EXHIBIT I

1.          Commissary Statement

# US COMMISSARY™ Solutions

(https://www.uscommissarysolutions.com)

Menu

Admin Inmates

*AML* JUL 2 3 2025

## View / Edit Inmates - Golden State Annex, CA

# OLEKSANDR VLADIMIROVICH MELNYK (217166434)  *B4*

← Back to All Inmates

| Balance | Spendable | Medical | Open Fees | Open Bonding Fees | Upcoming Fees |
|---------|-----------|---------|-----------|-------------------|---------------|
| $240.01 | $240.01 | $0.00 | $0.00 | $0.00 | $0.00 |

| General | Restrictions | Transactions | Fees | History | Notes |

Deposit    Print Check    Links    Fee    Print

[PDF] [Print] [Excel]

Show [100] entries

Search: [          ]

| ID | Type | Date | Amount | Running Total |
|----|------|------|--------|---------------|
| 146602801 | Paid Inmate Fee - Postage - Postage - 2 manilla (Fee Created on: 07/22/2025 9:27 am PDT) | 07/22/2025 09:27:32 am PDT | -$3.26 | $240.01 |
| 146586608 | Telmate - Telmate ID: 1988588691 | 07/21/2025 09:05:34 pm PDT | -$20.00 | $243.27 |
| 146435549 | Telmate - Telmate ID: 1987287111 | 07/19/2025 08:25:34 pm PDT | -$10.00 | $263.27 |
| 146231675 | Return | 07/17/2025 08:51:10 am PDT | $3.60 | $273.27 |
| 146218739 | Telmate - Telmate ID: 1985335401 | 07/16/2025 10:55:34 pm PDT | -$10.00 | $269.67 |
| 146065141 | Telmate - Telmate ID: 1983991391 | 07/14/2025 07:55:34 pm PDT | -$10.00 | $279.67 |
| 146053958 | Deposit - Credit Card - Commissary | 07/14/2025 06:04:16 pm PDT | $289.00 | $289.67 |
| 146022448 | Order | 07/14/2025 12:17:40 pm PDT | -$89.10 | $0.67 |
| 145875182 | Telmate - Telmate ID: 1982427731 | 07/12/2025 12:35:34 pm PDT | -$5.00 | $89.77 |
| 145721414 | Telmate - Telmate ID: 1981025271 | 07/10/2025 11:55:34 am PDT | -$10.00 | $94.77 |
| 145419191 | Telmate - Telmate ID: 1978520341 | 07/06/2025 01:05:34 pm PDT | -$10.00 | $104.77 |
| 145044140 | Telmate - Telmate ID: 1975319591 | 07/01/2025 01:35:34 pm PDT | -$10.00 | $114.77 |
| 145005746 | Order | 06/30/2025 10:15:08 pm PDT | -$21.87 | $124.77 |
| 144760433 | Telmate - Telmate ID: 1972976771 | 06/27/2025 03:55:34 pm PDT | -$10.00 | $146.64 |
| 144422952 | Order | 06/22/2025 07:42:24 pm PDT | -$37.21 | $156.64 |


Top


Save

| ID | Type | Date | Amount | Running Total |
|---|---|---|---|---|
| 144379022 | Telmate - Telmate ID: 1969784071 | 06/22/2025 11:35:34 am PDT | -$10.00 | $193.85 |
| 144187353 | Deposit - Credit Card - Commissary | 06/19/2025 03:09:34 pm PDT | $200.00 | $203.85 |
| 144160265 | Return | 06/19/2025 08:43:59 am PDT | $0.55 | $3.85 |
| 143912114 | Order | 06/15/2025 05:22:35 pm PDT | -$59.06 | $3.30 |
| 143900552 | Telmate - Telmate ID: 1965779341 | 06/15/2025 03:35:34 pm PDT | -$10.00 | $62.36 |
| 143591193 | Telmate - Telmate ID: 1963234521 | 06/11/2025 12:55:34 pm PDT | -$10.00 | $72.36 |
| 143226681 | Telmate - Telmate ID: 1960155101 | 06/06/2025 11:45:34 am PDT | -$10.00 | $82.36 |
| 142974349 | Order | 06/02/2025 10:48:48 pm PDT | -$9.46 | $92.36 |
| 142634607 | Return | 05/29/2025 02:47:56 pm PDT | $4.09 | $101.82 |
| 142404838 | Order | 05/26/2025 10:53:28 am PDT | -$72.70 | $97.73 |
| 142000143 | Paid Inmate Fee - Postage - Postage - 1 express package (Fee Created on: 05/20/2025 11:43 am PDT) | 05/20/2025 11:43:43 am PDT | -$42.80 | $170.43 |
| 141717143 | Paid Inmate Fee - Postage - Postage - 1 manilla envelope (Fee Created on: 05/16/2025 9:44 am PDT) | 05/16/2025 09:44:39 am PDT | -$1.77 | $213.23 |
| 141680860 | Return | 05/15/2025 04:59:35 pm PDT | $4.09 | $215.00 |
| 141586382 | Deposit - Credit Card - Commissary | 05/14/2025 12:12:57 pm PDT | $200.00 | $210.91 |
| 141582265 | Deposit - Credit Card - Commissary | 05/14/2025 11:18:40 am PDT | $10.00 | $10.91 |
| 141493168 | Order | 05/12/2025 08:53:51 pm PDT | -$28.98 | $0.91 |
| 140657813 | Return | 05/01/2025 04:55:43 pm PDT | $2.93 | $29.89 |
| 140352414 | Order | 04/27/2025 01:12:22 pm PDT | -$54.04 | $26.96 |
| 140084839 | Deposit - Cash - Cash: $81.00 = 4*$20, 1*$1 | 04/23/2025 02:06:22 pm PDT | $81.00 | $81.00 |

Showing 1 to 34 of 34 entries

First  Previous  1  Next  Last

Pages

Terms and Conditions

Copyright © 2025


Top


Save

# EXHIBIT J

1.          Form I-862 Notice to Appear

## DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

Event No: SYS2212001787

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID : 191718298 FIN #: 1225756759

File No:

SIGMA Event: 41452029    DOB:

In the Matter of: MELNYK, OLEKSANDR VLADIMIROVICH

Respondent: MELNYK, Oleksandr Vladimirovich                     currently residing at:

3902 ANNADALE LN. APT #81,SACRAMENTO ,CALIFORNIA 95821,UNITED STATES OF AMERICA                916-529-8509

(Number, street, city, state and ZIP code)                     (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States.
2. You are a native of Ukraine and a citizen of Ukraine.
3. On or about December 11, 2021, you applied for admission into the United States from Mexico at the San Ysidro Port of Entry through the primary vehicle lane 22.
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document as required by the Immigration and Nationality Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30   [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
650 CAPITOL MALL SUITE 4-200,
SACRAMENTO, CA, US 958140000

(Complete Address of Immigration Court, including Room Number, if any)

on a date to be set  at a time to be set  to show why you should not be removed from the United States based on the
_(Date)_                  _(Time)_ BAYARDO, CAR29877

charge(s) set forth above,         CBP OFFICER
                                   (Signature and Title of Issuing Officer) (Sign in ink)

Date: December 13, 2021        SAN YSIDRO
                                   (City and State)

DHS Form I-862 (2/20)

## Notice to Respondent

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the Immigration judge. You will be advised by the Immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the Immigration judge.

One-Year Asylum Application Deadline: If you believe you may be eligible for asylum, you must file a Form 1-589, Application for Asylum and for Withholding of Removal. The Form 1-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/I-589. Failure to file the Form 1-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

Failure to appear: You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the Immigration judge in your absence, and you may be arrested and detained by the DHS.

Mandatory Duty to Surrender for Removal: If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

Sensitive locations: To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____                    _(Signature of Respondent) (Sign in ink)_

                                                      Date: December 13, 2021

_____
_(Signature and Title of Immigration Officer) (Sign in ink)_

## Certificate of Service

This Notice To Appear was served on the respondent by me on December 13, 2021 , in the following manner and in compliance with section 239(a)(1) of the Act.

[x] in person  [ ] by certified mail, returned receipt # _____ requested  [ ] by regular mail
Attached is a credible fear worksheet.
[x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ___UKRAINIAN___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.
                                                      BAYARDO, CAR29877

X _____                          CBP OFFICER
_(Signature of Respondent if Personally Served) (Sign in ink)_          _(Signature and Title of officer) (Sign in ink)_