1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELNYK OLEKSANDR VLADIMIROVICH aka OLEKSANDR VLADIMIROVICH MELNYK, | ) Case No.: 1:25-cv-00953-SKO (HC) |
| | ) |
| Petitioner, | ) ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| v. | ) |
| THOMAS GILES, et al., | ) |
| Respondents. | ) |

Petitioner is an immigration detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  All parties consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1). Accordingly, the matter was reassigned to the undersigned for all further proceedings including trial and entry of judgment. (Doc. 10.)

Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  He claims he should be immediately released, because he has established *prima facie* eligibility for Temporary Protected Status ("TPS") and been granted TPS, and according to

1

statute, a TPS holder cannot be detained or removed while that status is in effect. Respondent contends that Petitioner is statutorily ineligible for TPS status, his TPS status has been withdrawn, and his detention is mandatory because he is currently in removal proceedings. The Court finds that because Petitioner's TPS status has been withdrawn, the petition must be denied.

**I.      BACKGROUND**

Petitioner is a native and citizen of Ukraine. (Doc. 12-1 at 4.) He applied for admission to the United States at the Nogales, Arizona, port of entry on November 13, 2019, without documentation. (Doc. 12-1 at 4.) He was detained and placed into removal proceedings, charged with removability under Immigration and Nationality Act ("INA") section 212(a)(7)(A)(i)(I). (Doc. 12-1 at 4.)

On September 14, 2020, an immigration judge ("IJ") denied Petitioner's applications for relief and ordered him removed to Ukraine. (Doc. 12-1 at 4.) On December 15, 2020, Petitioner was removed to Ukraine. (Doc. 12-1 at 4.)

On December 11, 2021, Petitioner applied for entry to the United States at the San Ysidro, California, port of entry. (Doc. 12-1 at 4.) On December 13, 2021, he was placed into removal proceedings, charged with removability under INA section 212(a)(7)(A)(i)(I). (Doc. 12-1 at 4.)

On April 25, 2025, after multiple continued master calendar hearings, the IJ changed venue from the Sacramento Immigration Court to the Adelanto Immigration Court. On May 8, 2025, the IJ denied custody redetermination, finding no jurisdiction because Petitioner was considered an arriving alien. charged with removability under INA section 212(a)(7)(A)(i)(I). (Doc. 12-1 at 5.) On August 29, 2025, the IJ denied Petitioner's motion to terminate and *sua sponte* administratively closed the case. (Doc. 12-1 at 40.)

On August 4, 2025, Petitioner filed a petition for writ of habeas corpus. (Doc. 1.)  Petitioner stated he had been granted Temporary Protected Status and is currently being detained in violation of statute. On September 5, 2025, Respondent filed a response to the petition. (Doc. 12.)  Respondent acknowledges that Petitioner has been granted TPS but contends it was done in error. On September 24, 2025, Respondent filed a supplement which showed Petitioner's TPS status had in fact been withdrawn as of September 15, 2025. (Doc. 15.) Petitioner did not file a traverse to the response.

## II.      DISCUSSION

As part of the Immigration Act of 1990, Congress created the TPS program. The TPS program provides humanitarian relief to foreign nationals from specified countries; the governing statute is codified at 8 U.S.C. § 1254a. Sanchez v. Mayorkas, 593 U.S. 409, 412, 141 S.Ct. 1809, 210 L.Ed.2d 52 (2021). That relief comes in the form of temporary protection against removal in the face of war, natural disasters, or other extraordinary and temporary conditions. 8 U.S.C. § 1254a; see also Osman v. Schmidt, No. 25-CV-286, 2025 WL 870048, at *1 (E.D. Wis. Mar. 20, 2025).

Under § 1254a, the Secretary of DHS may designate a foreign country for TPS when individuals from that country cannot safely return due to armed conflict, natural disaster, or other extraordinary and temporary circumstances. See 8 U.S.C. § 1254a(b). The initial designation lasts for 6, 12, or 18 months, at the Secretary's discretion. See id. § 1254a(b)(2).

Once a foreign country is given a TPS designation, individuals from that country may apply for immigration status. If granted, they may not be removed from the United States; furthermore, they are given authorization to work in the United States. See id. § 1254a(a)(1).

For individuals to become TPS holders, there are specific requirements that must be met. For example, an individual must have "been continuously physically present in the United States since the effective date of the most recent designation of that [foreign] state." Id. § 1254a(c)(1)(A)(i). In addition, an individual must be "admissible as an immigrant." Id. § 1254a(c)(1)(A)(iii). An individual is inadmissible if, e.g., they have been convicted of certain crimes (such as a crime involving moral turpitude or drugs) or are a member of a terrorist organization. See id. § 1182(a)(2)-(3). Moreover, an individual is expressly deemed ineligible for TPS if they have "been convicted of any felony or 2 or more misdemeanors committed in the United States." Id. § 1254a(c)(2)(B). The Secretary "shall withdraw [TPS] granted to an alien ... if [the Secretary] finds that the alien was not in fact eligible for such status." Id. § 1254a(c)(3)(A).

"[A] TPS recipient is 'considered as being in, and maintaining, lawful status as a nonimmigrant' for the purpose of becoming [a legal permanent resident]." Sanchez, 593 U.S. at 412, 141 S.Ct. 1809 (quoting 8 U.S.C. § 1254a(f)(4)). Relevant authorities "shall not remove the [noncitizen] from the United States during the period in which [TPS] is in effect." 8 U.S.C. §

3

1   1254a(a)(1)(A). Likewise, 8 U.S.C. § 1254a(d)(4), as part of the subsection related to documentation

2   of TPS, provides that a non-citizen with TPS "shall not be detained by the Attorney General on the

3   basis of the [noncitizen]'s immigration status in the United States." 8 U.S.C. § 1254a(d)(4). Under this

4   statute, courts have considered writs of habeas corpus and determined that detained petitioners with

5   TPS cannot remain detained pending lawful immigration proceedings. See, e.g., Rojas v. Venegas, No.

6   1:25-CV-00056, 2025 WL 996421, at *1 (S.D. Tex. Apr. 2, 2025) ("[t]he Court holds that Petitioner is

7   a Venezuelan national with valid Temporary Protected Status and was wrongfully detained under 8

8   U.S.C. 1254a(a)(1)(A)(i).").

9        Petitioner is a citizen of Ukraine, a country which has been designated for TPS.  Petitioner was

10  initially granted TPS approval by the United States Citizenship and Immigration Services ("USCIS")

11  on April 16, 2025. Respondent concedes Petitioner "appears to have obtained TPS approval." (Doc. 12

12  at 5.) An applicant for Temporary Protected Status "who establishes a *prima facie* case of eligibility

13  for benefits" "shall be provided" the benefits of Temporary Protected Status until a final determination

14  is made as to his eligibility. 8 U.S.C. § 1254a(a)(4)(B). Because it is undisputed that Petitioner has

15  been granted approval for TPS by USCIS, having made a *prima facie* case of eligibility, Petitioner is

16  correct that he could not be detained on the basis of his immigration status, nor may he be removed

17  from the United States. See 8 U.S.C. §§ 1254a(a)(4); 1254a(d)(4); 1254a(a)(1)(A).

18       On September 15, 2025, the USCIS formally withdrew Petitioner's TPS status finding him

19  statutorily ineligible due to his convictions in Ukraine. (Doc. 15-1.) Specifically, on June 26, 2002,

20  Petitioner was found guilty and sentenced to 3 years imprisonment for offenses under articles 15

21  (Criminal attempt) and 185 part 3 (Theft) of the Criminal Code of Ukraine. (Doc. 15-1.) On December

22  10, 2009, he was found guilty of an offense under article 203 part 1 (Engagement in prohibited

23  business activities) of the Criminal Code of Ukraine. (Doc. 15-1.) On June 12, 2012, he was found

24  guilty and sentenced to 6 years imprisonment for convictions of gangsterism under article 257;

25  criminal conspiracy with a criminal organization under article 28 part 3; unlawful handling of

26  weapons, ammunition or explosives under article 263 part 1; and brigandism under article 187 part 4.

27  (Doc. 15-1.) Because Petitioner is currently without TPS status, detention is not unlawful.

28

Respondent contends that Petitioner is currently being mandatorily detained as an "arriving alien" under 8 U.S.C. § 1225(b) because of the danger he presents to the public until his removal proceedings conclude.  Removal proceedings remain open. (Doc. 12-1 at 40.)  Pursuant to 8 U.S.C.A. § 1225(b)(1)(B)(ii)), Petitioner must be detained until the conclusion of those proceedings. <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 297 (2018).

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1)  The petition for writ of habeas corpus is DENIED; and

2)  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   __**October 9, 2025**__            _____/s/ *Sheila K. Oberto*_____
                                                           UNITED STATES MAGISTRATE JUDGE