UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELNYK OLEKSANDR VLADIMIROVICH aka OLEKSANDR VLADIMIROVICH MELNYK,<br><br>Petitioner,<br><br>v.<br><br>THOMAS GILES, et al.,<br><br>Respondents. | No. 1:25-cv-00953-SKO (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. 21] |

    Petitioner is an immigration detainee proceeding pro se and in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1). Accordingly, the matter was reassigned to the undersigned for all further proceedings including trial and entry of judgment. (Doc. 10.)

    On October 10, 2025, the Court issued an order denying the petition for writ of habeas corpus. (Doc. 19.) On October 14, 2025, Petitioner filed a motion for reconsideration. (Doc. 21.) Petitioner filed an addendum to the motion on October 20, 2025. (Doc. 22.) On November 7, 2025, the Court issued a minute order directing Respondent to file a response to Petitioner's motion. (Doc. 23.) On November 13, 2025, Respondent filed a response to the motion. (Doc. 24.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In his motion, Petitioner states he did not receive the initial response by the Government until September 29, 2025, even though the response was filed with the Court on September 5, 2025. As a result, he states he only had 10 days remaining to prepare and file his reply, which significantly limited his ability to defend his case. He states this impacted the outcome of his case and deprived him of a fair opportunity to be heard. Petitioner requests the case be reopened.

Respondent notes he filed the initial opposition, (Doc. 12), on September 5, 2025, but he is unable to determine when the opposition was served. The opposition was served at some point because Petitioner responded on October 8, 2025, and acknowledged he had received it on September 29, 2025. (Docs. 17, 21.) It is unknown why the opposition was not received by Petitioner until that date. The delay of 24 days is a substantial delay but it was not prejudicial. Petitioner was ineligible for Temporary Protected Status ("TPS") based on his prior convictions sustained in Ukraine. It is uncontroverted that Petitioner's TPS status was withdrawn by the

United States Citizenship and Immigration Service ("USCIS") on September 15, 2025, and Respondent filed a supplemental opposition on September 24, 2025, advising the Court of that fact. Petitioner acknowledges he received the supplemental opposition on September 29, 2025, (Doc. 21), and he filed his reply on October 8, 2025. (Doc. 18.)

Although Petitioner may not have received the initial opposition until September 29, 2025, it was the supplemental opposition that contained the information that Petitioner's TPS status had been withdrawn. That supplemental opposition was received by Petitioner on September 29, 2025. The five days it took for Petitioner to receive the supplemental opposition was a reasonable amount of time. Moreover, the delay in receiving the initial opposition could not have prejudiced Petitioner as Petitioner's TPS status was withdrawn shortly after Respondent filed its initial response. There is no likelihood that Petitioner would have filed a response, the Court would have rendered a decision, and Petitioner would have been released prior to his TPS status being withdrawn. Regardless, relief is unavailable because Petitioner no longer possesses TPS status, and thus, his current detention does not violate 8 U.S.C. § 1254a(d)(4).

In sum, the Court does not find the existence of any "mistake, inadvertence, surprise, or excusable neglect;" "fraud . . . of an adverse party;" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Nor does the Court find any facts or law of a strongly convincing nature to induce reversal of the prior decision. Kern-Tulare Water Dist., 634 F.Supp. at 665.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration, (Doc. 21), is DENIED.

IT IS SO ORDERED.

Dated:     **November 17, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE